UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PAUL A. MAYBERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00646-JPH-DLP |
| | ) | |
| WVCF, | ) | |
| | ) | |
| Respondent. | ) | |

**Order to Show Cause**

**I.**

Petitioner shall have **through January 8, 2021**, in which to pay the $5.00 filing fee or to file a motion for leave to proceed *in forma pauperis*.

**II.**

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his state-court conviction in case number 49G06-9909-CF-166833. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28

1

U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

It appears from the petition that the petitioner's one-year limitations period has expired. According to the state court online docket, the petitioner was sentenced in state court on July 14, 2000. Nearly ten years later, the petitioner filed a petition for post-conviction relief in state court case 49G06-9909-PC-166833 on April 16, 2010, and withdrew his petition on July 7, 2011. He filed a notice of direct appeal in case number 18A-CR-01518 on July 2, 2018, that was dismissed as untimely. The petitioner shall have **through January 8, 2021**, in which to show cause why his petition should not be dismissed as time-barred.

**SO ORDERED**.

Date: 12/10/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

PAUL A. MAYBERRY
915471
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838